UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAWN RODRIGUEZ, ADRIAN SIMAYS, and SHARON SWANN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMPCO PARKING SYSTEMS, AUTOMOTIVE.COM LLC, and MEMBERS ONLY,<br><br>Defendants. | Case No. C09-1789 MJP<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

This matter comes before the Court on Defendant Ampco Systems Parking, Inc.'s ("Ampco") motion to dismiss Plaintiffs' amended complaint (Dkt. No. 55), Defendant Members Only's motion to dismiss Plaintiffs' amended complaint (Dkt. No. 57), and Defendant Automotive.com LLC's motion to dismiss Plaintiffs' amended complaint (Dkt. No. 61). Having reviewed the motions, the response (Dkt. No. 67), the replies (Dkt. Nos. 69, 70, 71), and all papers submitted in support thereof, the Court GRANTS the motions and DISMISSES the complaint with prejudice. The Court finds this matter suitable for determination without oral argument.

\\

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 1

**Background**

Plaintiffs filed an amended complaint against three defendants (Ampco, Members Only, and Automotive.com LLC) for violations of the Driver's Privacy Protection Act of 1994 ("DPPA"). (Dkt. No. 54.) Plaintiffs allege that Defendants obtained their personal information (name, address, social security number, and other sensitive information) from the Washington Department of Licensing ("DOL") for an improper purpose. (Amended Complaint ("AC") ¶¶ 20-23.) Defendants allegedly purchased a bulk data file containing all active vehicle records in Washington. (Id. ¶¶ 20, 24-34.) To obtain the file, Defendants allegedly signed a contract with the DOL in which they agreed to use all information contained therein for proper purposes. (Id.) Plaintiffs allege that Defendants purchased the bulk data in order to "stockpile" it and that Defendants lacked a valid current use for the information. (Id. ¶¶ 25, 28, 31-32.) Plaintiffs allege further that they are "unaware of any such instances which could warrant [Defendants] obtaining their personal information contained in the State's motor vehicle records." (Id. ¶¶ 24, 27, 31.)

Defendants seek dismissal of the amended complaint for its failure to state a claim and for Plaintiffs' lack of standing.

**Analysis**

A.   Standard

On a Rule 12(b)(1) or Rule 12(b)(6) motion to dismiss, the Court must assess the legal feasibility of the complaint. The Court accepts Plaintiffs' factual allegations as true and draws all reasonable inferences in Plaintiffs' favor. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007). To survive a motion to dismiss, the complaint "does not need detailed factual allegations," but it must contain "enough [factual allegations] to raise a right to relief above the speculative level" and to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 2

B.   Driver's Privacy Protection Act Standard

State departments of motor vehicles often require drivers and automobile owners to provide an address, telephone number, vehicle description, Social Security number, medical information, and photograph as a condition of obtaining a driver's license or registering an automobile. Reno v. Condon, 528 U.S. 141, 143 (2000). Congress has provided private citizens with a cause of action against any person "who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted" by the DPPA. 18 U.S.C. § 2724(a). There are 14 different permissible purposes outlined in the DPPA. 18 U.S.C. § 2721(b). While an open question in the Ninth Circuit, the Eleventh Circuit determined that the plaintiff bears the burden of sufficiently alleging that defendant's obtainment, disclosure, or use of the personal information is for an improper purpose under the DPPA. Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, and Stevens, P.A., 525 F.3d 1107, 1112 (11th Cir. 2008). The Court finds the Eleventh Circuit's reasoning persuasive. Plaintiffs must allege sufficient facts for the Court to conclude that Defendants' obtainment, use or disclosure of information covered by the DPPA was not for a permissible purpose.

C.   Failure to state a claim

Defendants argue that Plaintiffs have still not alleged sufficient facts to support the claim that Defendants' acquisition of Plaintiffs' DOL records was for an improper purpose in violation of the DPPA. The Court again agrees.

To satisfy their burden at the pleadings stage, Plaintiffs must allege that Defendants obtained, disclosed, or used their personal information from a motor vehicle record for an impermissible purpose. 18 U.S.C. § 2724(a); Thomas, 525 F.3d at 1112. Courts facing similar motions have dismissed claims that are insufficiently detailed to satisfy Rule 8(a). See Shadwell v. Clark, No. 5:09CV00071, 2009 WL 2970515 (W.D. Va. Sept. 16, 2009); Briggman v. Ross, No. 5:09CV00040, 2009 WL 3254459 (W.D. Va. Oct. 9, 2009).

Plaintiffs have not satisfied their burden under Rule 8(a). Plaintiffs have amended their complaint to identify each Defendant individually, but they have failed to set forth any reason why Defendants' obtainment of the DOL records is improper. Plaintiffs again allege that they are unaware of any proper purpose the Defendants had to obtain the data. (Compl. ¶¶ 24-25, 27-28, 31-32.) As the Court previously held, these unspecific allegations are insufficient to state a claim. (Dkt. No. 52 at 4.) Plaintiffs simply rely on labels and conclusions from the DPPA. See Twombly, 550 U.S. at 555 (pleadings that offer "labels and conclusions" are insufficient).

Plaintiffs also allege that Defendants improperly obtained the DOL data in order to stockpile it and use it in databases, which they contend are impermissible purposes under the DPPA. (Compl. ¶¶ 24-25, 27-28, 31-32.) Plaintiffs fail to provide sufficient explanation or allegations as to why the acquisition and retention of bulk data is improper under the DPPA. No such prohibition appears in the plain text of the statute. Plaintiffs argue that Defendants had to have a current need for every motor vehicle record at the time they obtained the data. Even accepting this standard, Plaintiffs allege Defendant certified to the State DOL that it had a proper purpose in requesting the data at that time they requested the data. (Compl. ¶ 20.) That the State DOL provided Defendants more (through the bulk database) does not show any evidence of a violation of the DPPA. As the Court already held, there is no prohibition in the DPPA on obtaining bulk data. (Dkt. No. 52 at 4.) Plaintiffs rely on Pichler v. UNITE, 339 F. Supp. 2d 665 (E.D. Pa. 2004), to argue that stockpiling is prohibited by the DPPA. Pichler contains no such holding. In Pichler, the plaintiffs alleged that the defendants had recorded their license plate numbers while their cars were parked at work, retrieved the plaintiffs' addresses from the state's motor vehicle records, and then used that information to contact the plaintiffs at their homes about union activities. Id. at 666. Nowhere in Pichler did the court address the issue of stockpiling bulk data; rather the court addressed a distinct issue of fact as to the permissibility of the use of the limited data. The Court rejects Plaintiffs' argument.

ORDER GRANTING DEFENDANTS' MOTIONS TO
DISMISS - 4

1    The Court GRANTS Defendants motion to dismiss pursuant to Rule 12(b)(6).  Plaintiffs
2 have failed to state a claim that is plausible.  The amended complaint demonstrates to the Court
3 that further amendment will be fruitless.  The Court grants dismissal with prejudice.
4 D.    Standing
5    Defendants Members Only and Ampco move to dismiss Plaintiffs' complaint on the basis
6 that Plaintiffs lack standing.  (Dkt. Nos. 55, 57.)  Plaintiffs have not provided sufficient
7 allegations as to standing.
8    To satisfy standing, Plaintiffs must show (1) an injury in fact that is concrete and
9 particularized and actual or imminent, (2) "a causal connection between the injury and the
10 conduct complained of" that is "fairly traceable to the challenged action of the defendant," and
11 (3) that it is likely "the injury will be redressed by a favorable decision."  Lujan v. Defenders of
12 Wildlife, 504 U.S. 555, 560-61 (1992) (quotation marks, footnote, and citations omitted).  As the
13 Third Circuit has held, "[t]he main issue regarding the standing of [two plaintiffs filing suit under
14 the DPPA] . . . is whether they have suffered 'an invasion of a legally protected interest' under
15 the DPPA."  Pichler v. UNITE, 542 F.3d 380, 390 (3rd Cir. 2008) (quoting Lujan, 504 U.S. at
16 560).  An actual or threatened injury sufficient to meet Article III case-or-controversy "may exist
17 solely by virtue of statutes creating legal rights, the invasion of which creates standing."  Warth
18 v. Seldin, 422 U.S. 490, 500 (1975) (citations and internal quotation marks omitted).
19    Plaintiffs allege that they have standing because Defendants impermissibly obtained their
20 personal information protected by the DPPA.  (Dkt. No. 67 at 6-9.)  As discussed above,
21 Plaintiffs have not sufficiently alleged Defendants obtained their information for an
22 impermissible purpose.  Plaintiffs have therefore failed to alleged sufficient injury in fact (an
23 injury to a right protected by the DPPA), as required by Article III.  Lujan, 504 U.S. at 560-61;
24 see also Pichler, 542 F.3d at 390-91.  Plaintiffs lack standing.  The Court GRANTS Ampco's and
25 Members Only's motion to dismiss pursuant to Rule 12(b)(1).
26 \\

**Conclusion**

The Court GRANTS Defendants' motions to dismiss. Plaintiffs have failed to state a claim upon which relief may be granted as to all Defendants, and Plaintiffs have failed to demonstrate standing. Having already granted leave to amend once, the Court DISMISSES the amended complaint with prejudice. The Court is convinced that further amendment will not cure the fatal defects in Plaintiffs' complaint.

The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this 2nd day of August, 2010.

Marsha J. Pechman
United States District Judge